UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| Beverley Bello and Stephen Bello, | ) | |
| Individually, | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Northern Plains Hospitality, LLC | ) | **COMPLAINT** |
| a/k/a Northern Plains Inn, | ) | **(Jury Trial Demanded)** |
| | ) | |
| Defendant. | ) | |

[1]     COMES NOW, Plaintiffs Beverley Bello and Stephen Bello (hereinafter "Plaintiffs"), on behalf of themselves, by and through their attorney, Chris Redmann of Redmann Law, P.C., to file their complaint against Northern Plains Hospitality, LLC a/k/a Northern Plains Inn (hereinafter "Defendant"), and for the cause of action would show as follows:

**Statement of Action**

[2]     This is an action for unpaid wages and overtime brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA").

**Parties**

[3]     Plaintiffs are citizens of the United States of America.

[4]     Plaintiffs were employed by Defendant where they worked for Defendant's hotel company in North Dakota, performing significant work for Defendant in and around Minot, North Dakota.

[5]     Defendant Northern Plains Hospitality, LLC a/k/a Northern Plains Inn is a corporation which is incorporated in the State of North Dakota.  Defendant was registered to do business in the State of North Dakota for a portion of Plaintiffs employment as Northern Plains Hospitality,

LLC but was dissolved with the Secretary of State on June 13, 2019.  For the remainder of Plaintiffs

employment, Defendant operated under the trade name of North Plains Inn.

[6]    On information and belief, during the time period relevant to this action, Defendant's North

Dakota place of business is 1515 22nd Ave SW, Minot, ND 58701-6901.

[7]    Service of process may be made on Defendant through its North Dakota registered agent:

**Jugal "Victor" Thakor, Northern Plains Inn, 1515 22nd Ave SW, Minot, ND 58701** or

wherever said Defendant may be found.

<u>**Jurisdiction and Venue**</u>

[8]    On information and belief, Defendant has conducted business in the State of North Dakota

and continues to conduct business in the State of North Dakota.

[9]    This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331

(federal question) and 29 U.S.C. § 216(b) since Plaintiff is bringing this claim under FLSA.

[10]   Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 (original jurisdiction), 1343 (original

jurisdiction), and 1367 (supplemental jurisdiction).

[11]   Venue is proper in the United States District Court for the District of North Dakota pursuant

to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this action

occurred in Minot, North Dakota.

[12]   The amount in controversy is within the jurisdictional limits of this Court pursuant to 28

U.S.C. § 1332.

[13]   This Court has jurisdiction over all claims in this action.

[14]   All conditions precedent to filing this cause of action have been met.

**Factual Allegations**

[15]    Plaintiff Beverley Bello was employed by Defendant in North Dakota from approximately May 16, 2019 through February 1, 2020, as a Night Auditor Manager.

[16]    Plaintiff Stephen Bello was employed by Defendant in North Dakota from approximately May 16, 2019 through January 4, 2020.  Plaintiff Stephen Bello had several job titles based on his duties such as cook, security officer, pool maintenance, general maintenance, and housekeeping.

[17]    From approximately May 2019 through February 2020, Defendant employed approximately between one and six employees in North Dakota.

[18]    Plaintiffs job duties consisted exclusively of "blue collar," manual labor.  Plaintiff Beverley Bello's duties included maintaining the front desk duties and assisting with laundry.  Plaintiff Stephen Bello's duties included operating as the cook, security officer, pool and hotel maintenance, and housekeeping.  Plaintiffs routinely worked numerous late nights, early mornings, weekends, and were required to be on call 24/7.

[19]    Plaintiffs performed all of their job duties exclusively within the borders of the State of North Dakota.

[20]    Plaintiff Beverley Bello was paid in the form of a monthly stipend to "share" with Plaintiff Stephen Bello, and their combined room rate was given in exchange for payment of regular and overtime wages.  Plaintiff Stephen Bello was never given a stipend nor was he paid regular or overtime wages.  Plaintiff Beverley Bello routinely worked 88 hours per week and Plaintiff Stephen Bello routinely worked 94 hours per week.  Plaintiffs typically worked approximately 12-14 hours per day, 7 days per week.

[21]    Defendant required and/or permitted Plaintiffs to work in excess of 40 hours per week but did not compensate Plaintiffs for such hours in accordance with FLSA.  Plaintiffs were never paid

3

an hourly wage for hours worked up to 40 hours per week, and they were never paid time-and-a-half overtime for hours exceeding 40 hours per week.

[22]     From approximately May 2019 through February 2020, Plaintiffs should have received regular and time-and-one-half pay for any regular hours and any overtime hours they worked in order for Defendant to comply with the requirements under FLSA.

[23]     Plaintiffs cannot be categorized as exempt employees and were entitled regular and overtime pay.  *See* 29 U.S.C. § 213; N.D.Admin.Code § 46-02-07-02(4).

[24]     Defendant's conduct was in violation of FLSA, which requires employers to compensate non-exempt employees for their hours worked.  *See* 29 U.S.C. § 206(b).  Defendant's conduct was in violation of FLSA, which requires employers to compensate non-exempt employees for their overtime work.  *See* 29 U.S.C. § 207(a).

[25]     Defendant's conduct was in violation of N.D.Admin.Code § 46-02-07-02(1) requiring employees to be compensated for their work at a rate of at least minimum wage.  Defendant's conduct was also in violation of N.D.Admin.Code § 46-02-07-02(4) requiring employees to be compensated for their overtime work at a rate of one-and-one-half times the regular rate of pay.

[26]     Defendant did not keep appropriate records as required by the FLSA sufficient to determine Plaintiffs wage, hours, and other conditions and practices of employment in violation of FLSA pursuant to 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a)(5), and N.D.Admin.Code § 46-02-07-02(10).

[27]     Plaintiffs were an "employee" as defined under 29 U.S.C. § 203(e)(1) and N.D.C.C. § 34-06-01(2).

[28]     Defendant is an "employer" as defined under 29 U.S.C. § 203(d) and N.D.C.C. § 34-06-01(3).

[29]    Defendant has had, and continues to have, substantial ties to interstate commerce which includes business relations and practices with their other family owned hotel, Rodeway Inn, in Kingsland, Georgia along with communicating for business purposes via instrumentalities of interstate commerce.

[30]    Defendant's failure to pay Plaintiffs regular time and overtime under the FLSA was willful pursuant to 29 U.S.C. § 201, *et seq.*

[31]    Defendant neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to an extended statute of limitations, liquidated damages, costs, and other disbursements outlined herein. *See* 29 U.S.C §§ 216(b), 255(a).

<u>**First Claim**</u>

**FAILURE TO PAY MINIMUM WAGES UNDER FEDERAL LAW**

[32]    Plaintiffs incorporate all allegations contained in the preceding paragraphs.

[33]    At all relevant times, Plaintiffs were entitled to the rights, protections, and benefits provided under the FSLA, 29 U.S.C. §§ 201, *et. seq.*

[34]    Defendant's failure to pay basic minimum wage compensation to Plaintiffs violates the FLSA.

[35]    Accordingly, Plaintiffs are entitled to compensation for regular hours worked.

[36]    Additionally, Plaintiffs are entitled to an amount equal to their unpaid basic minimum wages as liquidated damages, as well as reasonable attorneys' fees, expert witness fees, and costs of this action as provided by 29 U.S.C. § 216(b).

[37]    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to

recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

[38]    Alternatively, should the Court find Defendant acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## Second Claim

### FAILURE TO PAY OVERTIME WAGES UNDER FEDERAL LAW

[39]    Plaintiffs incorporate all allegations contained in the preceding paragraphs.

[40]    At all relevant times, Plaintiffs were entitled to the rights, protections, and benefits provided under the FSLA, 29 U.S.C. §§ 201, *et. seq*.

[41]    Defendant's failure to pay overtime compensation to Plaintiffs violates the FLSA.

[42]    Accordingly, Plaintiffs are entitled to compensation for overtime hours worked.

[43]    Additionally, Plaintiffs are entitled to an amount equal to their unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees, expert witness fees, and costs of this action as provided by 29 U.S.C. § 216(b).

[44]    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

[45]    Alternatively, should the Court find Defendant acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### Third Claim

#### FAILURE TO PAY MINIMUM WAGES UNDER NORTH DAKOTA LAW

[46]     Plaintiffs incorporate all allegations contained in the preceding paragraphs.

[47]     North Dakota Administrative Code § 46-02-07-02(1), requires Plaintiffs to be paid a minimum wage at their regular rate of pay for regular hours worked.

[48]     As Plaintiffs were not paid a wage for hours worked up to 40 hours in a work week, Plaintiffs are entitled to compensation for regular hours worked under North Dakota law. Additionally, Plaintiffs are entitled to interest on their unpaid basic minimum wages as provide by N.D.C.C. § 34-14-09.1.

### Fourth Claim

#### FAILURE TO PAY OVERTIME WAGES UNDER NORTH DAKOTA LAW

[49]     Plaintiffs incorporate all allegations contained in the preceding paragraphs.

[50]     North Dakota Administrative Code § 46-02-07-02(4), requires Plaintiffs to be paid at a rate of one-and-one-half their regular rate of pay for overtime hours worked.

[51]     As Plaintiffs were not paid time-and-one-half his regular rate of pay for hours worked over 40 in a work week, Plaintiffs are entitled to compensation for overtime hours worked under North Dakota law.

[52]     Additionally, Plaintiffs are entitled to interest on their unpaid overtime wages as provide by N.D.C.C. § 34-14-09.1.

### Fifth Claim

#### DAMAGES

[53]     Plaintiffs incorporate all allegations contained in the preceding paragraphs.

[54]    Plaintiffs have lost compensation for the period of time allowed by law which Defendant failed to pay Plaintiffs for regular and overtime hours they worked.

[55]    The FSLA violations of the Defendant give rise to the following damages:  back wages, liquidated damages, pre-judgment interest, and attorney's fees.

[56]    In addition, Plaintiffs seek attorney's fees, expert witness fees, pre-judgment and post-judgment interest, and costs as allowed under statute.

### Sixth Claim

#### ATTORNEY'S FEES

[57]    Plaintiffs incorporate all allegations contained in the preceding paragraphs.

[58]    As a result of the acts and omissions of Defendant, as specifically set forth herein, it was necessary for Plaintiffs to secure counsel to present and prosecute this matter on their behalf.

[59]    Plaintiffs are entitled to recover attorney's fees and costs for bringing this action pursuant to 29 U.S.C. § 201, *et. seq*., and other relevant statutes.

### Jury Demand

[60]    Plaintiffs hereby request a trial by jury on all issues triable by a jury in this case.

### Prayer for Relief

[61]    WHEREFORE, Plaintiffs respectfully request judgment be entered in their favor awarding Plaintiffs:

    a.    Proper compensation for all unpaid hours worked in up to 40 hours at their regular rate but not less than minimum wage;

    b.    Proper overtime compensation for all unpaid hours worked in excess of 40 hours at the rate of one-and-one-half times their regular rate;

c.  An equal amount as liquidated damages as allowed under the FLSA as provided under 20 U.S.C. § 216(b);

d.  Damages accrued for a three-year period;

e.  Reasonable and necessary attorney's fees, costs, expert witness fees, and expenses of this action as provided by the FSLA;

f.  Pre-judgment and post-judgment interest at the highest rates allowed by law; and

g.  Such other relief as to which Plaintiffs may be entitled and this Court deems appropriate.

Dated this 26th day of May, 2020.

> Redmann Law, P.C.
> 107 1st Ave NW
> Mandan, ND 58554
> (701) 751-7188
> *Attorneys for Plaintiffs*
>
> /s/ Chris Redmann
> Chris Redmann (ND ID #07523)
> credmann@redmannlawpc.com